UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JASON F. JACOBS                                CIVIL ACTION NO. 09-cv-1811

VERSUS                                         JUDGE HICKS

JIMMY HALL, ET AL                              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Jason F. Jacobs ("Jacobs") alleges that he is the defendant in a misdemeanor criminal prosecution pending in the City Court of Bossier City, Louisiana, as Case No. 08-14262. Jacobs alleges that he is accused of violating La.R.S. 14:40.3 (cyberstalking) based on allegations that Jacobs sent emails containing death threats to the attorney for his ex-wife.

Jacobs alleges that the emails were forged as part of a conspiracy between his ex-wife and her attorney, that there was not probable cause for his arrest, that the Louisiana statute violates the commerce clause, and that the prosecution is selective, vindictive, and malicious.

Jacobs alleges that this court has removal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441, as well as the civil rights statutes such as 42 U.S.C. §§ 1981 and 1983. Of those statutes, only Section 1441 regards removal, and it addresses the removal of civil actions. The statutory provision for removal of criminal cases is 28 U.S.C. § 1443.[1]

---

[1] Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all

The Supreme Court's interpretations of the statute were discussed in Williams v. State of Mississippi, 608 F.2d 1021 (5th Cir. 1979). The Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1) must satisfy a two-prong test. First, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality. Second, it must appear that the person seeking removal is denied or cannot enforce those specific federal rights in the courts of the state. That second element requires that the denial be manifest in a formal expression of state law. Williams, 608 F.2d at 1022. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." Johnson v. Mississippi, 95 S.Ct. 1591 (1975).

Jacobs has not identified any right that arises under a federal law providing for specific civil rights stated in terms of racial equality. Neither Jacob's race nor any assertions of race-based discrimination are mentioned in Jacob's removal papers. Accordingly, there is no basis for removal of the criminal prosecution pursuant to Section 1443.

Jacobs cites other authorities in his papers, but none of them support the removal of a criminal case. Rather, they are cases such as Dombrowski v. Pfister, 85 S.Ct. 1116 (1965),

---

persons within the jurisdiction thereof;

    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

which addressed the limited authority of a federal court to grant an injunction to stay proceedings in a state court. Such relief, which is extraordinarily rare, may be granted in a civil action filed in federal court, but the mere potential that such relief may be granted in a civil action does not permit the removal of a criminal prosecution. Even if a civil rights complaint were filed in this court, Younger v. Harris, 91 S.Ct. 746 (1971) will ordinarily require the federal court to abstain from interfering in the state court criminal prosecution.

The proper procedure for an accused to protect federal rights in a state court criminal prosecutions is to raise the federal defenses and arguments in the state court proceeding, in accordance with the rules and procedures that apply in the state courts. If the person is nonetheless convicted, he may appeal the conviction through the state court system, and then apply to the United States Supreme Court for a writ of certiorari. Once the state court conviction is final, and not before then, the convicted person may file a petition for writ of habeas corpus in the federal court and ask the federal court to set aside the state court conviction based on any errors of federal constitutional magnitude.

The district court in which a notice of removal of a criminal prosecution is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits that removal should not be permitted, the court shall make an order for summary remand. 28 U.S.C. § 1446(c)(4). The undersigned has reviewed the notice of removal in light of applicable law and, for the reasons set forth above, finds that it does clearly appear on the face of the notice that removal should not be permitted.

Accordingly;

**IT IS RECOMMENDED** that this matter be **remanded** to the City Court for the City of Bossier City, Louisiana, due to lack of subject-matter jurisdiction in the federal court, where the matter was pending as Case No. 08-14262.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of November, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE